### DANIEL H. TWISS *vs.* SIMON H. CHEEVER.

An assignment of all claims which the assignor may have on a future day, which is named, for sums of money due and to become due for services in the fire department of the city of Boston, is ineffectual to pass to the assignee sums earned before that day, but under a subsequent appointment as fireman, if there was no agreement for such subsequent appointment existing at the time of making the assignment; and sums earned under such subsequent appointment, and collected of the city by the administrator of the assignee, may be recovered from the administrator in an action for money had and received.

CONTRACT for money had and received, against the administrator of John S. Ryan. At the trial in the superior court, before *Putnam*, J., a verdict was returned for the defendant, and the plaintiff alleged exceptions. The facts are stated in the opinion.

*C. G. Thomas*, for the plaintiff.

*A. E. Giles*, for the defendant.

HOAR, J. The plaintiff was a member of the fire department of the city of Boston, the members of which, by the city ordinance, are appointed for the term of six months. The employment is so far regarded as one of a public nature, that they are exempt by law from serving on juries. No continuance of

employment beyond the six months is agreed or implied; and any further engagement can only result from a new appointment.

The case must therefore be governed by the rule stated in *Mulhall* v. *Quinn*, 1 Gray, 105, and in *Hartley* v. *Tapley*, 2 Gray, 565, that "wages to be earned under an engagement existing at the time of giving the order are assignable; but not money to be earned hereafter under a new engagement."

The assignment to Ryan, upon which the defendant relies, which was dated September 17, 1858, was of all claims and demands which the plaintiff then had or might have against the city of Boston on the first day of September 1859, for all sums of money due and to become due for services in the fire department of the said city. The plaintiff's appointment, at the date of that assignment, was for a term which ended on the thirty-first day of December 1858. It therefore had no effect to pass to the assignee anything which was earned under the new appointments in the year 1859.

The second assignment, dated February 5, 1859, and which was of similar tenor, but extending to January 1, 1860, was a valid assignment of the plaintiff's wages for the term for which he was then appointed, and which ended on the 30th of June 1859. It passed the entire property in those wages to the defendant's intestate, for a sufficient consideration, acknowledged upon the face of the instrument. But it was not effectual to assign the wages earned under the subsequent appointment of July 1, 1859; and the sum of $36.45, which was earned after that date, and which the defendant received under color of its authority, was therefore improperly collected by him; was not assets belonging to the estate of Ryan; and the plaintiff was entitled to demand and recover it in this action, as money had and received to his use. *Stead* v. *Thornton*, 3 B. & Ad. 357, *n.*

So far as the instructions given at the trial were not in conformity with the rule thus stated, they were erroneous, and a new trial must be had. We do not, however, regard the opinion here given as conflicting with the cases of *Taylor* v. *Lynch*,

4 *

5 Gray, 49; *Lannan* v. *Smith,* 7 Gray, 150; or the recent case of *Wallace* v. *Heywood Chair Co.,* 16 Gray, . The successive contracts with the city of Boston in the case at bar must be regarded as wholly distinct and independent of each other.

*Exceptions sustained.*